# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **PAUL KEVIN MORGAN** | **CIVIL ACTION NO. 25-897** |
| **VERSUS** | **JUDGE EDWARDS** |
| **FIRE PROTECTION SERVICE CORP** | **MAG. JUDGE MCCLUSKY** |

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion to Transfer and a Motion to Dismiss filed by Fire Protection Service Corp. ("Defendant").[1] Paul Kevin Morgan ("Plaintiff") opposes both motions.[2] Defendant thereafter replied.[3]

After careful consideration of the parties' memoranda and the applicable law, the Motion to Transfer is **GRANTED**.[4]

## BACKGROUND

This suit arises out of a sale of Plaintiff's business to Defendant on September 6, 2024.[5] To effect the sale, the parties executed an Asset Purchase Agreement ("Agreement"). Within the Agreement, Plaintiff agreed to sell, and Defendant agreed to purchase the "Purchased Assets."[6]

Notably, the Agreement contained, *inter alia*, a non-compete clause and a forum selection clause. Section 7.1 of the Agreement restricted Plaintiff from

---

[1] R. Doc. 4.
[2] R. Doc. 11.
[3] R. Doc. 12.
[4] The Court will only consider Defendant's Motion to Transfer and will not address any argument pertaining to the Motion to Dismiss.
[5] R. Doc. 1-1 at 4–5.
[6] R. Doc. 4-2 at 3. The Agreement defines the Purchased Assets contemplated.

competing in a "like business" for five (5) years in Louisiana and Mississippi.[7] Section 8.10 of the Agreement included a forum selection clause—mandating the forum to be in the State of Utah for any disputes.[8]

Plaintiff filed suit seeking declaratory judgment that the non-compete clause in the Agreement is null and void in the Fourth Judicial District Court of Louisiana on May 15, 2025.[9] On June 24, 2025, Defendant removed this suit to federal court.[10] Defendant now seeks to have this case transferred to Utah under the Agreement's forum selection clause.[11]

## LAW AND ANALYSIS

Under 28 U.S.C. § 1404(a), a district court has discretion to transfer a civil action to another district court where the subject action could have been brought. However, in exercising this discretion the court must weigh "the convenience of [the] parties and witnesses [and] … the interest of justice."[12] In a typical case, a court must first determine whether an adequate alternative forum exists, and, if so, the court is then required to weigh private- and public-interest factors to determine the best-suited forum.[13]

---

[7] R. Doc. 4-2 at 36.
[8] R. Doc. 4-2 at 40.
[9] R. Doc. 1-1 at 4.
[10] R. Doc. 1 at 1.
[11] R. Doc. 4.
[12] 28 U.S.C. § 1404(a).
[13] *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007) (internal citations omitted). The Supreme Court has emphasized that "the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Koster v. Am. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 527 (1947).

This all too familiar analysis is adjusted where there is a valid forum selection clause.[14] A forum selection clause is an agreement between parties to select a proper forum to litigate disputes that arise.[15] The clause is the parties' opportunity to bargain and agree upon a chosen forum that " 'protects their legitimate expectations and furthers vital interests of the justice system.' "[16] Thus, once parties enter into an agreement that includes a valid forum selection clause, a district court is ordinarily required to "transfer the case to the forum specified in that clause."[17]

When the plaintiff has chosen to bring suit in a forum that is different than the forum specified in the parties' agreement, the court's analysis is modified in three ways. First, as the party defying the forum selection clause, "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed."[18] Second, the plaintiff is precluded from arguing any private-interest factors against transfer because by agreeing to the preselected forum, the plaintiff waives challenges based on inconvenience to themselves, their witnesses, or the litigation.[19] The plaintiff must show the court that the public-interest factors disfavor transfer to the preselected forum.[20] Third, when the plaintiff "flouts its contractual obligation" under a forum selection clause, "a § 1404(a) transfer

---

[14] *Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63 (2013).
[15] *See Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63 (2013).
[16] *See Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63 (2013) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).
[17] *Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 62 (2013).
[18] *Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 64 (2013).
[19] *See Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 64 (2013); *see also Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016) ("[T]he private-interest factors 'weigh entirely in favor of the preselected forum,'" restricting the court to "public-interest factors only.") (quoting *Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 64 (2013)).
[20] *See Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 64 & 67 (2013).

of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations."[21]

Plaintiff focuses exclusively on Louisiana's public policy against noncompete agreements.[22] But Plaintiff's premise is misplaced. That is, Louisiana law simply does not apply with the existence of a forum selection clause.[23] "[T]he law of the court in which the plaintiff inappropriately filed suit should [not] follow the case to the forum contractually selected by the parties."[24] Put another way, the law of the "contractually selected venue" shall govern regardless of a plaintiff's chosen forum.[25] This is so because, if the law of the Plaintiff's chosen forum were to control even if the case is referred to the contractually agreed to forum, forum shopping in direct violation of forum selection clauses would undoubtedly occur, resulting in inequities and gamesmanship.[26]

The only argument Plaintiff offers as to the Utah venue is that "[e]nforcing the forum-selection clause would necessitate transfer to Utah which has less stringent policy regarding parties' rights to enter into such agreements and would effectively deprive Plaintiff of his day in court."[27] Even if the Court were to consider Plaintiff's "day in court" as a public-interest factor, Plaintiff fails to illustrate to this Court how Utah's laws would "effectively deprive Plaintiff of his day in court." Thus, in the

---

[21] *Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 64 (2013) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6 (10981)).
[22] R. Doc. 11 at 4–7.
[23] *See Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 64–66 (2013).
[24] *Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 65 (2013).
[25] *Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 65–66 (2013).
[26] *Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 65 (2013).
[27] R. Doc. 11 at 4.

absence of any valid public-interest arguments, the forum selection clause must control.

Lastly, the Supreme Court's guidance, in *Atlantic Marine*, is quite telling in this particular case. The Court provided:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain.[28]

Here, the Agreement between the parties contained the following language:

> Each Seller Party acknowledges and agrees that the covenants set forth in this [section] are mandatory conditions precedent to the Closing of the transactions contemplated by this Agreement, and that, in the absence of the covenant[s], Buyer would not have consented to the Closing. Each Seller Party acknowledges that such Seller Party is receiving a substantial benefit as a result of the consummation of the transactions contemplated by this Agreement … [and the entry into the covenants] is a material and substantial part of the transactions contemplated by the Transaction Documents.[29]

The language of the Agreement is clear. The parties' intent is clear. The law is clear. The parties "contracted in advance" to litigate in Utah.[30] The parties considered the Agreement's conditions to be mandatory. As evidenced by the Agreement, Defendant would not have entered into the purchase agreement in the absence of the covenants and conditions, which "figured centrally" into the negotiations and formulation of the Agreement.[31] Plaintiff has failed to meet his burden. The Court

---

[28] *Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 66 (2013).
[29] R. Doc. 4-2 at 37.
[30] *Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 66 (2013).
[31] *Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 66 (2013).

must "hold[ ] the parties to their bargain."[32] The Court finds the forum selection clause controls and mandates the transfer of this case to the United States District Court of Utah.

## CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that the Defendant's Motion to Transfer is **GRANTED**, and the case is hereby **TRANSFERRED** to the United States District Court of Utah.

**IT IS FURTHER ORDERED** that pursuant to General Order No. 02-2024, the transfer of this case is stayed for 21 days from the date this order is filed into the record.

**THUS DONE AND SIGNED** in Chambers this 15th day of October, 2025.

*[signature: Jerry Edwards, Jr.]*

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[32] *Alt. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 66 (2013).